[Cite as *Arend v. Ohio Dept. of Transp.*, 2011-Ohio-6908.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS WEIR AREND

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-05980-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Thomas Arend, filed this action against defendant, Department of Transportation (ODOT), contending his 2005 Chrysler PT Cruiser was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on I-670 in Franklin County. Plaintiff recalled the particular damage incident occurred on March 18, 2011, at approximately 11:30 a.m. Plaintiff requested damages in the amount of $373.57, the total cost of replacement parts and related repair expenses. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 18, 2011 described occurrence. Defendant located the pothole "at milepost 3.14 on I-670 in Franklin County." Defendant explained ODOT records show eleven complaints were taken in March 2011 for potholes on I-670, "but none of them were in the same location as plaintiff's incident." Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to March 18, 2011. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶3} Furthermore, defendant contended plaintiff did not offer any evidence to

prove the roadway was negligently maintained. Defendant related the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on I-670 the last time that section of roadway was inspected prior to March 18, 2011. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on January 31, 2011.

{¶4} Plaintiff did not file a response.

{¶5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on I-670 prior to the morning of March 18, 2011.

{¶8} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that his property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS WEIR AREND

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-05980-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Thomas Weir Arend
5737 Michaela Court
Columbus, Ohio  43235

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

8/3
Filed 8/10/11
Sent to S.C. reporter 1/3/12